# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE EDWARD BLACK, | CASE NO. 5:17-cv-2011 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION |
| JUDGE MARY FALVEY, *et al*, | |
| DEFENDANTS. | |

*Pro se* plaintiff Lawrence Edward Black filed this action as a "Complaint Writ of Prohibition" against Canton Municipal Court Judges Mary Falvey and Richard Kubilus. In the pleading, plaintiff alleges the Ohio Fifth District Court of Appeals erred by upholding the orders and judgment of the Canton Municipal Court pertaining to his criminal conviction. He asks this Court to order the Canton Municipal Court to vacate its judgment, and reimburse him for costs he incurred during litigation.

**A. Background**

The City of Canton Zoning Department sent plaintiff a letter on March 1, 2017, advising him that a camper was parked illegally on the grass of a vacant lot that he owned next to his house on Maple Avenue NE in Canton, Ohio. (*See* Doc. No. 1-2.) Zoning ordinances number 1129.16(a) and (h) required the camper to be parked on a parking type surface, such as a driveway or garage, and to display current license plates. Plaintiff went to the zoning inspector, explained that the ground was too wet from recent rain to move the camper, and promised to move it when the ground firmed up. Canton police checked on the property in May and discovered the camper was still

parked on the vacant lot. Plaintiff told the zoning inspector he would hire a towing company to move the camper.

On June 2, 2017, the zoning inspector filed a criminal complaint against plaintiff in the Canton Municipal Court for improper storage of a vehicle.[1] He was served with the summons and complaint on the same day. Plaintiff moved the camper later that day and notified the zoning inspector that he had done so. It appears plaintiff believed this would resolve the matter and result in the automatic dismissal of the criminal charges. Plaintiff did not appear for his arraignment on June 8, 2017, and Judge Falvey issued a warrant for his arrest. Plaintiff was arrested on July 9, 2017, and was held in the Stark County Jail in lieu of bond. He was arraigned on July 10, 2017 and released on his own recognizance. Trial was set for July 31, 2017.

Judge Falvey recused herself from the case on July 25, 2017, and Judge Kubilus was appointed to preside over plaintiff's case. Plaintiff appeared without counsel for trial, pleaded no contest, and was found guilty of violating Ohio Rev. Code § 1129.16 (M4). (Doc. No. 1-4 (Judgment Entry).) He was sentenced to pay a $50.00 fine and serve 30 days in jail, with all but one day suspended on condition of good behavior for two years. The court credited him with one day of jail time served toward his sentence, and ordered him to serve 15 hours of community service in lieu of his jail sentence by September 1, 2017. Plaintiff was also ordered to comply with all zoning requirements with respect to the camper and to show proof of compliance to the court. The court scheduled a compliance hearing for September 1, 2017.

---

[1] The Canton Municipal Court docket for case number 2017 CRB 2502 is available at http://www.cantoncourt.org/Forms/OnlineDocket.

Plaintiff filed a petition for a writ of prohibition with the Ohio Fifth District Court of Appeals against McKinley Township, the City of Canton, and Stark County. The Court of Appeals dismissed the petition.

According to the docket of the Canton Municipal Court, plaintiff did not appear for community service as required by his sentence, and the court issued a bench warrant for his arrest on September 6, 2017. It appears the warrant is still outstanding. Plaintiff also did not pay the fine, and the court referred that matter to the credit bureau of Stark County for collection.

Plaintiff has now filed this action asking this Court to overturn the decision of the Canton Municipal Court, vacate his conviction, and relieve him of his sentence. He contends the Municipal Court judge lacked judicial authority to continue his prosecution, which he claims is a violation of the constitutional provision against ex post facto laws. Plaintiff also requests an award of monetary damages to compensate him damages that he sustained as a result of state court proceedings.

**B. Standard of Review**

The Court must construe plaintiff's *pro se* pleading liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when the complaint lacks plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).[2]

**C**. **Analysis**

This Court lacks subject matter jurisdiction to grant the relief plaintiff requests. The Canton Municipal Court is not a "lower court" to the United States District Court, as plaintiff suggests. United States district courts do not have jurisdiction to overturn state court decisions, even if the request to reverse a state court judgment is based upon an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court may not seek appellate review of the state judgment in a United States district court. *Id.* (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 412 (1923) and *District of Columbia Court of Appeals v. Feldman*, 469 U.S. 462 (1983) (further citation omitted)); *Berry v. Schmitt,* 688 F.3d 290, 298-99 (6th Cir. 2012).

---

[2] A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp*., 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[3] *Feldman*, 460 U.S. 462; *Rooker*, 263 U.S. 413. This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d at 298-99 ("[T]he doctrine applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment.") (citing *In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009)). It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity,

---

[3] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

5

abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298-99; *In re Cook*, 551 F.3d at 548.

To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the relief requested. *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011) (citation omitted).

Here, the source of the injury of which plaintiff complains is the state court judgment and his sentence. He asks this court to overturn and vacate that judgment. Pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to grant that relief.

Furthermore, to the extent plaintiff seeks damages stemming from his conviction, the Court also cannot grant that relief. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

A claim for damages with respect to a conviction or sentence that has not been reversed, expunged, or invalidated is not cognizable in a civil rights action. Thus, the Court must consider whether a judgment in favor of the plaintiff providing the relief requested would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If, however, the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action may proceed (in the absence of some other bar to the suit).

Here, plaintiff challenges the municipal court's authority to try him for violation of the ordinance and seeks damages related to his conviction and sentence. Providing the relief requested would call into question the validity of his conviction. Therefore, plaintiff cannot proceed unless he can show his conviction was overturned. He has not alleged facts suggesting this has happened. In fact, the court of appeals dismissed his petition for a writ of prohibition. Thus, this Court cannot entertain a civil rights action for damages based upon his conviction.

### D. Conclusion

For all the foregoing reasons, plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 22, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**